IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

J&J SPORTS PRODUCTIONS, INC.,          )
                                        )
          Plaintiff,                    )
                                        )
                                        )
                                        )    No. 13 C 1949
     v.                                 )
                                        )    Judge John A. Nordberg
NIPUN PATEL and SUPER FOOD MART,        )
                                        )
                                        )
          Defendants.                   )

## MEMORANDUM OPINION AND ORDER

Plaintiff J&J Sports Productions, Inc., a California corporation, filed a three-count complaint against Nipun Patel and Super Food Mart (collectively "defendants"). The complaint alleges, upon information and belief, that Patel is an Illinois resident and that he is an officer, director, or shareholder of Super Food Mart. Super Food Mart has its principal place of business at 3334 W. Lawrence Avenue in Chicago.

The complaint alleges that plaintiff was granted exclusive nationwide television distribution rights of a boxing match between Floyd Mayweather, Jr. and Miguel Cotto held on May 5, 2012. Plaintiff entered into sub-licensing agreements with various establishments – such as hotels, racetracks, casinos, bars, and restaurants – giving them the right to show the fight to patrons. Plaintiff alleges that defendants unlawfully intercepted the signal and showed the broadcast. Count I asserts a violation of 47 U.S.C. § 605. Count II asserts a violation of 47 U.S.C. § 553. Count III is a claim for conversion under Illinois. All three counts rest on the same factual allegations.

Defendants, represented by counsel, filed a motion to dismiss pursuant to Rule 12(b)(6). They proceed in reverse order for the three counts. Count III should be dismissed, they argue, because the tort of conversion under Illinois law does not extend to the misappropriation of intangible property such as a television program transmitted via satellite or cable. (Defs. Mot. at 2, *citing Joe Hand Promotions, Inc. v. Lynch*, 822 F.Supp.2d 803, 809 (N.D. Ill. 2011) ("Illinois courts have not yet extended the tort of conversion to intangible property, like television programming.").) Count II should be dismissed because Section 553 only applies to cable service and the broadcast here was via satellite or through DirecTV. (Defs Mot. at 3.) Defendants

-1-

state that plaintiff cannot recover for the same conduct under both Section 553 (Count II) and Section 605 (Count I). In other words, defendants believe that the first two counts were pled in the alternative.

With regard to Count I, defendants assert as a matter of fact that they did not intercept the broadcast in an unauthorized way because they purchased the program from DirecTV. Defendants give the following version of events:

> Defendant, Nipun Patel, paid to DirecTV a $69.95 service fee to watch the program and elected to watch the program where he works in the very small store after business hours. When the Defendant watched the program, the business was closed. Defendant and 3 friends were present. And, a key part of Defendant's decision to watch the program in the store after it was closed for business was so he and a couple of friends could drink alcoholic beverages while they watched. You see, there is no drinking of alcoholic beverages allowed in Nipun Patel's home. A copy of Defendant's DirecTV receipt is attached and marked as Exhibit "A."

(Defs. Mot. at 3.) Based on the above facts, defendants assert that their conduct "was not willful and it was not done to earn profit nor obtain economic advantage" and that the program "was not watched in a commercial setting as the store closed at 9 pm and the program started after 10 pm." (*Id.* at 4.)

In their opposition brief, plaintiffs argue that the above facts are not in the complaint and cannot be taken as true in ruling on a motion to dismiss. Plaintiff then acknowledges (as defendants suspected) that Counts I and II are pled in the alternative. Plaintiff points out that Rule 8(d)(3) specifically permits a plaintiff to plead in the alternative. Plaintiff did not address defendants' claim that the conversion count is not viable under Illinois law.

In their reply, defendants' counsel asserts that pleading in the alternative, if not clearly designated as such, has the potential to mislead a small business owner such as his client who is not knowledgeable about the law and who might be led to believe that he could have two judgments entered against him. (Defs. Reply at 2.) Still, beyond complaining about this ambiguity for a layperson, defendants' counsel does not otherwise offer any authority to suggest plaintiff may not plead in the alternative. Other than making this point, defendants in their reply brief do not contest plaintiff's general claim that defendants' motion rests on a version of the facts not in the complaint.

In short, through the back and forth of the briefing process, the parties have largely come to agreement. The conversion claim in Count III will be dismissed, as plaintiff has not offered any argument contesting its dismissal. The parties agree that Counts I and II are plead in the alternative. These counts will not be dismissed because defendants' arguments for dismissing them rest on factual contentions not in the complaint. The defendants shall file their answer

within two weeks of the date of this order. The Court encourages counsel for both sides to work together and to try to communicate informally. For example, most of the arguments discussed in this order could have been resolved without the need for briefing.

**ENTER:**

_____
**JOHN A. NORDBERG**
**Senior United States District Court Judge**

**DATED:** _December 4, 2013_